UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO COLLIER,<br>　　　　Plaintiff,<br>　　v.<br>FRANK LANG,<br>　　　　Defendant. | Case No. 13-cv-03368-KAW (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff, an inmate incarcerated at Santa Rita County Jail, filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983.  His complaint challenges his detention based on allegations that he has been held in jail since 2010 on "charges that have been disproved, and it is a total fabrication of the D.A." Compl. at 3.  Plaintiff claims that Defendant, his court appointed attorney, has blocked Plaintiff's appearance in court on seven occasions.  Plaintiff alleges that he has asked the trial court to appoint different counsel to represent him, but the court has not responded.  Plaintiff' seeks damages for his financial loss due to his imprisonment and a hearing by the trial court on the alleged fictitious charges against him.  He also requests leave to proceed *in forma pauperis*.  Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action.

**I. DISCUSSION**

**A. Preliminary Review of Complaint**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

1  monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2). *Pro se*
2  pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
3  Cir. 1990).
4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
5  that a violation of a right secured by the Constitution or laws of the United States was violated,
6  and (2) that the alleged deprivation was committed by a person acting under the color of state law.
7  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Allegations**

9      In this case, Plaintiff has improperly filed his claim as a civil rights action. Traditionally,
10 challenges to prison conditions have been cognizable only via § 1983, while challenges
11 implicating the fact or duration of confinement must be brought through a habeas petition.
12 *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).
13     Any claim by a prisoner attacking the validity or duration of his confinement must be
14 brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523
15 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a
16 habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of
17 his conviction or continuing confinement. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997)
18 (§ 1983 claim).
19     A district court may construe a habeas petition by a prisoner attacking the conditions of his
20 confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S.
21 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief
22 should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.
23 *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).
24     Plaintiff's allegations attack the invalidity of his confinement rather than the conditions of
25 his confinement. Therefore, he has failed to state a cognizable claim under section 1983.
26 Accordingly, the instant complaint is DISMISSED without prejudice to refiling as a petition for a
27 writ of habeas corpus. If Plaintiff is a pre-trial detainee, a habeas petition may be submitted
28 pursuant to 28 U.S.C. § 2241. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (

1  habeas petition under § 2241 is appropriate vehicle for a challenge to a person's detention when
2  the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate
3  basis for a challenge to detention by a pretrial detainee).  If Plaintiff has been convicted and a
4  judgment against him has issued, he may bring a habeas petition pursuant to 28 U.S.C. § 2254.

**C. Motion for Leave to Proceed *In Forma Pauperis***

Because this civil action was filed in error, Plaintiff 's motion to proceed *in forma pauperis* is denied as moot.  The Clerk of the Court shall vacate the filing fee for this action.

## II. CONCLUSION

Based on the foregoing, the Court orders as follows:

1.  The Court concludes that Plaintiff's claims attack the validity of his confinement and are more appropriately addressed in a petition for a writ of habeas corpus.  Therefore, the complaint is DISMISSED without prejudice to Plaintiff filing a habeas action.

2.  Plaintiff's motion to proceed *in forma pauperis* is denied as moot.  The Clerk of the Court shall vacate the filing fee for this action.

3.  The Clerk shall send to Plaintiff a blank form for a petition for a writ of habeas corpus.

4.  The Clerk shall close the file, terminate all pending motions, and enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

Dated: 10/10/13

_Kandis Westmore_
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

3